Marquez-Serrano v. Bondi

BIA
Reid, IJ
A220 204 880/881

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-six.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

WENDY MARQUEZ-SERRANO,
CRISTIAN SARAVIA-MARQUEZ,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

23-7404
NAC

FOR PETITIONERS:     Wade M. German, The Law Offices of Wade M. German, P.L.L.C., New York, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Lauren L. Taiclet, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED. The pending motion for a stay is DENIED as moot.

Petitioners Wendy Marquez-Serrano and her child, natives and citizens of Honduras, seek review of a September 18, 2023, decision of the BIA affirming a February 9, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wendy Marquez-Serrano, et al.*, Nos. A220 204 880/881 (B.I.A. Sept. 18, 2023), *aff'g* Nos. A220 204 880/881 (Immigr. Ct. N.Y.C. Feb. 9, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, minus the grounds for the denial of relief that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding "under

2

the substantial evidence standard" and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06, 114–15 (2d Cir. 2022) (applying the "one central reason" standard to withholding of removal). The applicant has the burden to establish the existence of a protected ground and that the ground was or is a central reason for the harm suffered or feared. *See Paloka v. Holder*, 762 F.3d 191, 196–97 (2d Cir. 2014). "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases)," the protected ground "still must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022).

The issue here is whether Marquez-Serrano established that her political opinion, actual or imputed, was a central reason why her former partner abused

3

her.[1]  To demonstrate a nexus to a political opinion, an applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," rather than merely by the persecutor's own opinion.  *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also Paloka*, 762 F.3d at 196–97 ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (quotation marks omitted)). The persecution may be on account of an opinion imputed to the applicant by the persecutor, regardless of whether this imputation is accurate.  *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005).  "[D]isapproving of things that have a negative impact on one's life or even one's country does not necessarily amount to a *political* opinion."  *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021).

Marquez-Serrano argues that the IJ applied an incorrect nexus standard to her political opinion claim.  The BIA identified the IJ's error—the IJ required a showing that political opinion was "the" central reason rather than "one" central reason—but still found that the political opinion claim failed because there was no

---

[1] This is the only issue before us because, in her brief in support of her petition for review, Marquez-Serrano does not address the particular social groups she proposed before the agency or her CAT claim.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

record evidence that Marquez-Serrano's former partner believed that she held any "ideals regarding gender inequality." Certified Admin. R. at 5 n.3. Substantial evidence supports that determination. While the protected ground need not be the only motive for the alleged persecution, it "must be at least one of the central reasons, rather than a minor reason for why that individual is being targeted." *Garcia-Aranda*, 53 F.4th at 757. Marquez-Serrano asserted that she demonstrated her political opinion by reporting her former partner's abuse to the police. But there was no record evidence that her abuser imputed a political opinion to her on that basis: she testified that the abuse started because her former partner was drinking and doing drugs and that it began before she reported him to the police. Although she said that he also hit her after she went to the police, she did not testify that he knew about the report.

Marquez-Serrano also argues that the BIA ignored evidence of the "broader political context" in Honduras where "men can do anything they want to women and women are murdered by their domestic partners at alarming rates" and that she was persecuted "at least in part" based "on her imputed political opinion of opposing gender inequality and mistreatment of women in Honduras." She cites two magazine articles about gender violence in Honduras, but, as noted above,

5

she does not identify record evidence that her former partner imputed any political opinion to her, as required to show a nexus. *See Yueqing Zhang*, 426 F.3d at 545. The absence of any record basis for an affirmative nexus determination is dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

Finally, Marquez-Serrano's argument that the BIA was required to remand to the IJ because the Department of Homeland Security did not file an opposing brief on appeal is not sufficiently argued—in her brief she includes a single sentence without citation to legal authority—and fails on the merits because there is no rule mandating remand under those circumstances. *See Yueqing Zhang*, 426 F.3d at 545 n.7 (finding a petitioner's "single conclusory sentence" insufficient to raise an argument); *see also* BIA Practice Manual Ch. 4.6(f) (providing that "[w]hen the appealing party files an appeal brief, the other party *may* file a 'response brief'" (emphasis added)); BIA Practice Manual Ch. 4.12(a) (providing that "[t]he failure of the opposing party to affirmatively oppose an appeal does not automatically result in the appeal being sustained"); *cf.* 8 C.F.R. § 1003.1(d)(3) (providing that the BIA reviews an IJ's factfinding for clear error and "questions of law, discretion, and judgment . . . de novo" and allowing remand if further factfinding is needed).

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court